## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                **CRIMIAL ACTION**

**VERSUS**                                  **NO: 89-373**

**WILLIAM HUGHES**                          **SECTION: "H"(1)**

## ORDER AND REASONS

Before the Court are Defendant William Hughes's Motion to Correct Illegal Sentence (Docs. 33, 42) and Motion to Appoint Counsel (Doc. 32). For the following reasons, the Motions are DENIED.

## BACKGROUND

In November 1989, Defendant William Hughes pleaded guilty in the Eastern District of Louisiana to kidnapping in violation of 18 U.S.C. § 1201(a). He was sentenced to 50 years imprisonment and 5 years supervised release. Hughes appealed his sentence, and it was affirmed.

On October 4, 2019, Hughes filed the instant Motions, arguing that his sentence is illegal because the sentencing court's finding that he was a career

1

offender was erroneous.[1] Although Defendant's Motion was titled "Motion to Correct an Illegal Sentence pursuant to Federal Rule Criminal Procedure 35," this Court construed Defendant's motion as one arising under 28 U.S.C. § 2255 and gave Defendant additional time to amend his motion to include any other arguments for relief he might have.[2] Defendant filed a supplement on March 6, 2020 but did not include any additional arguments.[3] The Government opposes the relief requested by Defendant, arguing that his request is untimely.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[4] Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[5] The Supreme Court has held, however, that "failure to raise an  ineffective-assistance-of-counsel claim on

---

[1] Defendant also moved for the appointment of counsel to assist him in his Motion to Correct Illegal Sentence. Doc. 32.

[2] Doc. 37.

[3] Doc. 42.

[4] 28 U.S.C. § 2255(a).

[5] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).

direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[6]

## LAW AND ANALYSIS

Pursuant to § 2255(f), a one-year limitation period applies to motions filed under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

Defendant's conviction became final more than 25 years ago. He does not present any impediment or newly discovered fact or right that prevented his earlier filing of this motion. Further, ignorance of the law does not warrant equitable tolling.[8] Accordingly, Defendant's § 2255 motion is untimely.

In addition, this Court's jurisdiction to correct or modify a sentence is limited to those specific circumstances articulated in 18 U.S.C. § 3582(b) and (c). Section 3582(c)(2) permits the modification of a term of imprisonment to "the extent otherwise expressly permitted by statute or by Rule 35 of the

---

[6] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).
[7] 28 U.S.C. § 2255(f).
[8] Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000).

Federal Rules of Criminal Procedure."[9] Federal Rule of Criminal Procedure 35 does not, however, provide a basis for the relief requested by Defendant. The current version of Rule 35 only permits the Court to correct a sentence that resulted from clear error within 14 days of sentencing.[10] The version of Rule 35 in force at the time that Defendant committed his offense—February 20, 1989—only permitted the Court to correct a sentence that was determined on appeal to be erroneous.[11] Neither version allows the Court to correct a sentence "at any time," as he suggests.[12] Accordingly, Defendant's motion is untimely, and this Court has no authority to grant the relief requested. His Motion to Appoint Counsel therefore likewise fails.

## **CONCLUSION**

For the foregoing reasons, the Motions are DENIED.

New Orleans, Louisiana this 22nd day of July, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[9] Section 3582(c)(1)(A), which permits compassionate release, and § 3582(c)(2), which permits modification when a sentencing range has been lowered by the Sentencing Commission, are clearly not applicable to Defendant's motion.

[10] FED. R. CRIM. PROC. 35.

[11] Act of October 12, 1984, Pub. L. No. 98–473, 98 Stat. 1837.

[12] United States v. Courville, 290 F. App'x 754, 756 (5th Cir. 2008).