## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO: 89-373**

**WILLIAM HUGHES**                              **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant William Hughes's *pro se* Motion for Compassionate Release (Doc. 47). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant William Hughes has served 30 years of a 50-year sentence for kidnapping. Defendant now asks this Court for compassionate release pursuant to 18 U.S.C. § 3582(c) because of his age, health, and length of sentence. The Government opposes.

1

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[1] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that— (1) in any case— (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)     extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[2] The

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

[2] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).

Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[3] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[4]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[5] Accordingly, this Court is not constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[6]

---

[3] *Id.*

[4] *Id.*

[5] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). *See e.g.,* United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[6] *Shkambi*, 993 F.3d at 393.

3

The Fifth Circuit has explained, however, that although it is not dispositive, the policy statement may inform the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[7] The policy statement provides, in relevant part, that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[8]

---

[7] United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied, 141 S. Ct. 2688 (2021).

[8] U.S.S.G. 1B1.13.

## LAW AND ANALYSIS

On June 21, 2021, Defendant submitted a request for compassionate release to the Warden of his facility. Although the request was neither granted nor denied, he filed this Motion more than 30 days later. Accordingly, the Government agrees that Defendant has exhausted the administrative requirements to seek compassionate release from this Court.

Defendant argues that there are extraordinary and compelling reasons for his release in light of his age, health problems, rehabilitative efforts, and the unreasonable length of his sentence. Specifically, Defendant argues that he is 61 years old and suffers from "serious heart problems."[9] He also contends that 30 years in prison is sufficient punishment for his crime. The Government opposes relief and argues that Defendant has failed to show an extraordinary and compelling reason for release.

Defendant's medical records reveal that he suffers from hypertension and has received treatment for chest pain. The records reveal that the facility where he is incarcerated has transported him to cardiovascular specialists and provided advanced testing such as a CT scan and an arteriogram. Defendant is being treated with blood pressure medication.

Defendant has the burden to show that he is entitled to compassionate release.[10] He has failed to provide this Court with any evidence showing that his condition is severe, terminal, or that he is unable to care for himself. His medical records reveal that his condition is being adequately controlled and addressed while incarcerated. A commonplace malady such as hypertension

[9] Doc. 47-1.
[10] United States v. Stowe, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

5

does not make Defendant's case extraordinary.[11] Further, Defendant's records show that he contracted and recovered from COVID-19 and has received the vaccination. "Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A)."[12]

In addition, Defendant has not identified any change in the law or disparity rendering his sentence particularly unjust. This Court finds Defendant's original sentence to have been reasonable considering the sentencing factors in § 3553(a). Accordingly, this Court finds no extraordinary and compelling reason for Defendant's release.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 3rd day of January, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] United States v. Mondragon, No. 4:18-CR-132 (5), 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021) ("According to the CDC, . . . nearly half [of the adult population in the United States] has hypertension.").

[12] United States v. Gibson, No. CR 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021).